# IN THE SUPREME COURT OF TEXAS

No. 15-0965

WARD COUNTY APPRAISAL DISTRICT, PETITIONER

v.

EES LEASING LLC AND EXLP LEASING LLC, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

**PER CURIAM**

EXLP Leasing owns and leases out compressor stations used to deliver natural gas into pipelines. Some of these compressors are in use in Ward County. In response to a 2012 amendment to the Tax Code that included leased heavy equipment in a statutory formula used to value heavy equipment held by dealers for sale, EXLP began paying taxes on the compressors located in Ward County to Midland County, where EXLP contends it "maintain[s] a yard from which its inventory in the Permian Basin region is leased, to which leased compressors are returned after leases expire, and where the inventory in the area is serviced." But Ward County continued to place the compressors on its appraisal roll at full market value, arguing that their presence within the county fixes taxable situs there.

An appraisal review board sided with the county and EXLP sought judicial review. In the trial court, the county argued Tax Code sections 23.1241 and 23.1242—the provisions the legislature amended in 2012—are unconstitutional on their face and as applied because the

statutory formula for valuing leased heavy equipment bears no relationship to any measure of market value as required by the Texas Constitution. The county also argued that taxes on the compressors were due to Ward County, not Midland County. Finally, it argued that the compressors are not "heavy equipment" under Tax Code section 23.1241(a)(6), and therefore do not fall under the challenged statutory framework. The trial court sided with the county on the first two issues but with EXLP on the third.

Both parties appealed. The court of appeals reversed the trial court's determination that sections 23.1241 and 23.1242 are unconstitutional but affirmed its conclusion that the compressors' taxable situs is Ward County rather than Midland County. *See* 476 S.W.3d 752, 763–770 (Tex. App.—El Paso 2015). It also affirmed the trial court's judgment that EXLP's compressors qualify as "heavy equipment." *Id.* at 759–63.

Both parties sought our review, and this case was consolidated for briefing with four other similar cases. On March 2, 2018, we issued an opinion in *EXLP Leasing, LLC v. Galveston Central Appraisal District*, 554 S.W.3d 572 (Tex. 2018). That opinion is dispositive of two of the three issues presented in this petition for review.

In *EXLP Leasing*, we considered the same constitutional challenges considered by the court of appeals in this case and held that the Galveston County appraisal district failed to rebut the presumed constitutionality of Tax Code sections 23.1241 and 23.1242. Specifically, we rejected the district's argument that "for constitutional purposes, 'value' under article VIII, section 1(b) means the actual market value a willing buyer would pay a willing seller for the compressors at issue." *Id.* at 576. Instead, we acknowledged that it is the legislature's province to set valuation for tax purposes so long as it does not act unreasonably, arbitrarily, or capriciously. *Id.* at 576–81. We

2

also rejected the same argument made in this case that sections 23.1241 and 23.1242 violate the constitution's equal-and-uniform provision found in article VIII, section 1(a). *Id.* at 580–81.

The court of appeals in this case likewise concluded that "the constitution does not prescribe a particular formula or standard for determining the 'market value' of property." 476 S.W.3d at 762. Noting that the method for valuing leased heavy equipment in sections 23.1241 and 23.1242 is "neither novel nor unique," the court of appeals considered it "eminently reasonable to require dealers of inventory held for lease or rent in the ordinary course of business to pay taxes only on inventory actually leased or rented." *Id.* at 764–65. The court of appeals went further than we did by considering the reasonableness of the underlying statutory framework. *Cf. EXLP Leasing*, 554 S.W.3d at 580 (concluding we "need not consider" EXLP's "vigorous defense of sections 23.1241 and 23.1242 as an efficient and equitable statutory scheme" because "[t]he county made its stand on the idea that the constitution compels a market-value approach" and "offers no other reason why the statute is unconstitutional"). Nonetheless, the court of appeals' holding that the Ward County appraisal district failed to establish sections 23.1241 and 23.1242 are unconstitutional on the basis that property must be taxed in proportion to its market value is consistent with our opinion in *EXLP Leasing*. Similarly, its conclusion that the county failed to establish that those provisions violate the constitution's equal-and-uniform provision is consistent with our rejection of that argument in *EXLP Leasing*. *Id.* at 580–81. On these issues, the court of appeals' judgment is affirmed.

On the question of where the compressors at issue are properly taxed, however, the court of appeals' conclusion differs from ours in *EXLP Leasing*. We concluded that "sections 23.1241 and 23.1242, read together, reflect the legislature's intent to fix the situs of dealer-held heavy

3

equipment at the location where the dealer maintains its inventory, rather than at the various locations where the equipment might otherwise by physically located." *Id.* at 583. Accordingly, we held that Tax Code section 21.02, which contains default provisions for determining taxable situs, "does not control the taxable situs of property covered by section 23.1242." *Id.* at 585. The court of appeals, however, concluded that EXLP failed to rebut the presumption that Ward County is the compressors' taxable situs under section 21.02. *See* 476 S.W.3d at 768–70. Because we held differently in *EXLP Leasing*, we reverse the court of appeals' judgment on the issue and render judgment that the taxable situs of the compressors located in Ward County is controlled by Tax Code sections 23.1241 and 23.1242.

We further hold that EXLP properly paid taxes on the compressors at issue in Midland County. In its motion for summary judgment, EXLP argued that "because the legislature requires a taxpayer to report heavy equipment inventory values to the appraisal district in which they have business locations, the proper tax situs for a dealer's heavy equipment is the dealer's business location where the dealer conducts business by, for example, maintaining inventory for sale or lease, storing the equipment when not in use, where parts for the equipment are sold, and where services are provided to repair and maintain the equipment, whether at the dealer's business location or in the field." An EXLP vice president provided affidavit testimony that the compressors at issue "are assigned to [EXLP's] business location and storage yard in Midland County, Texas, where they are returned upon termination of a lease if not needed elsewhere under a different lease." EXLP neither "expects nor intends for the compressors located in Ward County . . . to permanently remain in Ward County, but instead move from time to time between leases and

4

storage yards." The vice president further stated that EXLP neither maintains a storage yard nor a principal place of business in Ward County.

We agree with EXLP that the compressors at issue here are properly taxed in Midland County. We similarly held in *EXLP Leasing* that the compressors at issue there, which were physically located in Galveston County, were properly taxable in Washington County because they were part of EXLP's "Gulf Coast Region fleet" and, as such, were "assigned" to EXLP's "business location and storage yard in Washington County," which EXLP used to "manage the inventory of compressors in the Gulf Coast region." 554 S.W.3d at 585–86. Significantly, Ward County has made no argument in the course of litigating this case that Midland County should not be the compressors' taxable situs if Tax Code sections 23.1241 and 23.1242 control. *See id.* at 586 (noting Galveston County did not argue Washington County should not be the taxable situs for the compressors if sections 23.1241 and 23.1242 control instead of section 21.02).

The court of appeals considered an additional issue in this case that was not present in any of the other cases that were consolidated for briefing: whether EXLP's compressors are "heavy equipment" under Tax Code section 23.1241(a)(6). If not, they cannot be valued under the statutory framework contained in sections 23.1241 and 23.1242. This issue was briefed in the consolidated briefing, but as it was not at issue in *EXLP Leasing, LLC v. Galveston Central Appraisal District*, we did not address it in that opinion.

"Heavy equipment" is defined as "self-propelled, self-powered, or pull-type equipment, including farm equipment or a diesel engine, that weighs at least 1,500 pounds and is intended to be used for agricultural, construction, industrial, maritime, mining, or forestry uses." TEX. TAX CODE § 23.1241(a)(6). The county argues "self-powered" means "a piece of machinery or

equipment supplied with mechanical power through its own internal fuel source." And according to the county's expert witness, EXLP's compressors "do not contain integrated fuel-systems and must be stationary, affixed to a foundation and natural gas fuel source in order to operate."

Like the trial court, the court of appeals rejected this argument. It concluded that "the context of Section 23.1241 indicates that the Legislature intended 'self-powered' to mean a piece of a machinery or equipment supplied with mechanical power through an internal motor or engine." 476 S.W.3d at 760. Because it found "no indication that the Legislature intended to define the term" in a "narrower and more technical sense," the court of appeals held the compressors met the statutory definition. *Id.* at 761. For the reasons explained in the court of appeals' opinion, we agree. We further note the infeasibility of the county's proposed construction in light of the statute's own reference to diesel engines as an example of a self-powered item. *See* Tex. Tax Code § 23.1241(a)(6). A diesel engine needs fuel to run—it lacks the "internal fuel source" the county argues is required to meet the definition—yet it is considered "self-powered" under the statute. We agree with EXLP that "the compressors at issue here are, therefore, just as 'self-powered' as any piece of heavy equipment that relies on an integrated combustion engine." We affirm the court of appeals' judgment on this issue.

For these reasons, and without hearing oral argument, *see* Tex. R. App. P. 59.1, we affirm the court of appeals' judgment in part and reverse in part, rendering judgment that sections 23.1241 and 23.1242 control the taxable situs of the compressors at issue in this case and that Midland County is the taxable situs of the compressors at issue.

OPINION DELIVERED: November 16, 2018

6