# IN THE SUPREME COURT OF TEXAS

No. 15-0969

REEVES COUNTY APPRAISAL DISTRICT AND LOVING COUNTY APPRAISAL DISTRICT, PETITIONERS

v.

MIDCON COMPRESSION, L.L.C., RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

PER CURIAM

MidCon Compression owns and leases out compressor stations used to deliver natural gas into pipelines. Some of these compressors are in use in Reeves and Loving counties. In response to a 2012 amendment to the Tax Code that included leased heavy equipment in a statutory formula used to value heavy equipment held by dealers for sale, MidCon began paying taxes on the compressors located in Reeves and Loving counties to Ector and Gray counties, where MidCon contends it maintained yards from which the compressors in Reeves and Loving counties are leased. But Reeves and Loving counties continued to place the compressors on their appraisal rolls at full market value, arguing that their presence within the counties fixes taxable situs there.

The respective appraisal-review boards sided with the counties and MidCon sought judicial review. In the trial court, the counties argued Tax Code sections 23.1241 and 23.1242—the provisions the legislature amended in 2012—are unconstitutional on their face and as applied

because the statutory formula for valuing leased heavy equipment bears no relationship to any measure of market value as required by the Texas Constitution. The counties also argued that taxes on the compressors were due to Reeves and Loving counties, not Ector and Gray counties. Finally, they argued the compressors are not "heavy equipment" under Tax Code section 23.1241(a)(6), and therefore do not fall under the challenged statutory framework. The trial court sided with the counties on the first two issues but with MidCon on the third.

Both parties appealed, but the counties dropped their argument that MidCon's compressors are not "heavy equipment" under section 23.1242. The court of appeals reversed the trial court's determination that sections 23.1241 and 23.1242 are unconstitutional but affirmed its conclusion that the compressors' taxable situses are Reeves and Loving counties rather than Ector and Gray counties. *See* 478 S.W.3d 804, 811–818 (Tex. App.—El Paso 2015).

Both parties sought our review and this case was consolidated for briefing with four other similar cases. On March 2, 2018, we issued an opinion in *EXLP Leasing, LLC v. Galveston Central Appraisal District*, 554 S.W.3d 572 (Tex. 2018). That opinion is largely dispositive of the issues presented in this petition for review.

In *EXLP Leasing*, we considered the same constitutional challenges considered by the court of appeals in this case and held that the Galveston County appraisal district failed to rebut the presumed constitutionality of Tax Code sections 23.1241 and 23.1242. Specifically, we rejected the district's argument that "for constitutional purposes, 'value' under article VIII, section 1(b) means the actual market value a willing buyer would pay a willing seller for the compressors at issue." *Id.* at 576. Instead, we acknowledged that it is the legislature's province to set valuation for tax purposes so long as it does not act unreasonably, arbitrarily, or capriciously. *Id.* at 576–581.

We also rejected the same argument made in this case that sections 23.1241 and 23.1242 violate the constitution's equal-and-uniform provision found in article VIII, section 1(a). *Id.* at 580–81.

The court of appeals in this case likewise concluded that "the constitution does not prescribe a particular formula or standard for determining the 'market value' of property." 478 S.W.3d at 811. Noting that the method for valuing leased heavy equipment in sections 23.1241 and 23.1242 is "neither novel nor unique," the court of appeals considered it "eminently reasonable to require dealers of inventory held for lease or rent in the ordinary course of business to pay taxes only on inventory actually leased or rented." *Id.* at 812–13. The court of appeals went further than we did by considering the reasonableness of the underlying statutory framework. *Cf. EXLP Leasing*, 554 S.W.3d at 580 (concluding we "need not consider" EXLP's "vigorous defense of sections 23.1241 and 23.1242 as an efficient and equitable statutory scheme" because "[t]he county made its stand on the idea that the constitution compels a market-value approach" and "offers no other reason why the statute is unconstitutional"). Nonetheless, the court of appeals' holding that the appraisal districts failed to establish sections 23.1241 and 23.1242 are unconstitutional on the basis that property must be taxed in proportion to its market value is consistent with our opinion in *EXLP Leasing*. Similarly, its conclusion that the counties failed to establish that those provisions violate the constitution's equal-and-uniform provision is consistent with our rejection of that argument in *EXLP Leasing*. *Id.* at 580–81. On these issues, the court of appeals' judgment is affirmed.

On the question of where the compressors at issue are properly taxed, however, the court of appeals' conclusion differs from ours in *EXLP Leasing*. We concluded that "sections 23.1241 and 23.1242, read together, reflect the legislature's intent to fix the situs of dealer-held heavy

3

equipment at the location where the dealer maintains its inventory rather than at the various locations where the equipment might otherwise by physically located." *Id.* at 583. Accordingly, we held that Tax Code section 21.02, which contains default provisions for determining taxable situs, "does not control the taxable situs of property covered by section 23.1242." *Id.* at 585. The court of appeals, however, concluded that MidCon failed to rebut the presumption that Reeves and Loving counties are the compressors' taxable situses under section 21.02. 478 S.W.3d at 818. Because we held differently in *EXLP Leasing*, we reverse the court of appeals' judgment on the issue and render judgment that the taxable situs of MidCon's compressors located in Reeves and Loving counties is controlled by Tax Code sections 23.1241 and 23.1242.

In *EXLP Leasing*, we further concluded that Washington County was the correct taxable situs of the compressors at issue. We need not similarly decide, however, whether taxes were properly paid on the compressors at issue here in Ector and Gray counties. Although MidCon argues it properly paid taxes on the compressors at issue in Ector and Gray counties, it only sought judgment from the trial court that its compressors are not taxable in Reeves and Loving counties. Because Midcon never affirmatively sought judgment on the question of where the compressors were properly taxable, whereas summary judgment was affirmatively sought on that question in *EXLP Leasing*, we need not and do not decide whether MidCon properly paid taxes on the compressors at issue in Ector and Gray counties.

For these reasons, and without hearing oral argument, *see* TEX. R. APP. P. 59.1, we affirm the court of appeals' judgment in part and reverse in part, rendering judgment that sections 23.1241 and 23.1242 control the taxable situs of the compressors at issue in this case. Because Reeves and Loving counties raised no alternative argument in their second amended answers that situs was

proper in their counties under those sections, instead urging the sole argument that sections 23.1241 and 23.1242 are unconstitutional, there is no basis to remand the case to determine whether taxable situs in Loving and Reeves counties is proper under the governing statutory provisions.

OPINION DELIVERED:  November 16, 2018