# IN THE SUPREME COURT OF TEXAS

No. 15-0970

REEVES COUNTY APPRAISAL DISTRICT AND LOVING COUNTY APPRAISAL DISTRICT,
PETITIONERS

v.

VALERUS COMPRESSION SERVICES, A TEXAS LIMITED PARTNERSHIP AND
VALERUS COMPRESSION SERVICES MANAGEMENT, LLC,
A TEXAS LIMITED LIABILITY COMPANY, GENERAL PARTNER, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

**PER CURIAM**

Valerus Compression Services owns and leases out compressor stations used to deliver natural gas into pipelines. Some of these compressors are in use in Reeves and Loving counties. In response to a 2012 amendment to the Tax Code that included leased heavy equipment in a statutory formula used to value heavy equipment held by dealers for sale, Valerus began paying taxes on the compressors located in Reeves and Loving counties to Harris County, where Valerus contends it maintains its principal place of business. But Reeves and Loving counties continued to place the compressors on their appraisal rolls at full market value, arguing that their presence within the counties fixes taxable situs there.

The respective appraisal-review boards sided with the counties. Valerus sought judicial review. In the trial court, the counties argued Tax Code sections 23.1241 and 23.1242—the

provisions the legislature amended in 2012—are unconstitutional on their face and as applied because the statutory formula for valuing leased heavy equipment bears no relationship to any measure of market value as required by the Texas Constitution. The counties also argued that taxes on the compressors were due to Reeves and Loving counties, not Harris County. Finally, they argued the compressors are not "heavy equipment" under Tax Code section 23.1241(a)(6), and therefore do not fall under the challenged statutory framework. The trial court sided with the counties on the first two issues but with Valerus on the third.

Both parties appealed, but the counties dropped their argument that Valerus's compressors are not "heavy equipment" under section 23.1241(a)(6). The court of appeals reversed the trial court's determination that sections 23.1241 and 23.1242 are unconstitutional but affirmed its conclusion that the compressors' taxable situses are Reeves and Loving counties rather than Harris County. *See* 478 S.W.3d 20, 27–35 (Tex. App.—El Paso 2015).

Both parties sought our review and this case was consolidated for briefing with four other similar cases. On March 2, 2018, we issued an opinion in *EXLP Leasing, LLC v. Galveston Central Appraisal District*, 554 S.W.3d 572 (Tex. 2018). That opinion is largely dispositive of the issues presented in this petition for review.

In *EXLP Leasing*, we considered the same constitutional challenges considered by the court of appeals in this case and held that the Galveston County appraisal district failed to rebut the presumed constitutionality of Tax Code sections 23.1241 and 23.1242. Specifically, we rejected the district's argument that "for constitutional purposes, 'value' under article VIII, section 1(b) means the actual market value a willing buyer would pay a willing seller for the compressors at issue." *Id.* at 576. Instead, we acknowledged that it is the legislature's province to set valuation for

2

tax purposes so long as it does not act unreasonably, arbitrarily, or capriciously. *Id.* at 576–81. We also rejected the same argument made in this case that sections 23.1241 and 23.1242 violate the constitution's equal-and-uniform provision found in article VIII, section 1(a). *Id.* at 580–81.

The court of appeals in this case likewise concluded that "the constitution does not prescribe a particular formula or standard for determining the 'market value' of property." 478 S.W.3d at 28. Noting that the method for valuing leased heavy equipment in sections 23.1241 and 23.1242 is "neither novel nor unique," the court of appeals considered it "eminently reasonable to require dealers of inventory held for lease or rent in the ordinary course of business to pay taxes only on inventory actually leased or rented." *Id.* at 29–30. The court of appeals went further than we did by considering the reasonableness of the underlying statutory framework. *Cf. EXLP Leasing*, 554 S.W.3d at 580 (concluding we "need not consider" EXLP's "vigorous defense of sections 23.1241 and 23.1242 as an efficient and equitable statutory scheme" because "[t]he county made its stand on the idea that the constitution compels a market-value approach" and "offers no other reason why the statute is unconstitutional"). Nonetheless, the court of appeals' holding that the appraisal districts failed to establish sections 23.1241 and 23.1242 are unconstitutional on the basis that property must be taxed in proportion to its market value is consistent with our opinion in *EXLP Leasing*. Similarly, its conclusion that the counties failed to establish that those provisions violate the constitution's equal-and-uniform provision is consistent with our rejection of that argument in *EXLP Leasing*. *Id.* at 580–81. On these issues, the court of appeals' judgment is affirmed.

On the question of where the compressors at issue are properly taxed, however, the court of appeals' conclusion differs from ours in *EXLP Leasing*. We concluded that "sections 23.1241

3

and 23.1242, read together, reflect the legislature's intent to fix the situs of dealer-held heavy equipment at the location where the dealer maintains its inventory rather than at the various locations where the equipment might otherwise by physically located." *Id.* at 583. Accordingly, we held that Tax Code section 21.02, which contains default provisions for determining taxable situs, "does not control the taxable situs of property covered by section 23.1242." *Id.* at 585. The court of appeals, however, concluded that Valerus failed to rebut the presumption that Reeves and Loving counties are the compressors' taxable situses under section 21.02. *See* 478 S.W.3d at 35. Because we held differently in *EXLP Leasing*, we reverse the court of appeals' judgment on the issue and render judgment that the taxable situses of Valerus's compressors located in Reeves and Loving counties are controlled by Tax Code sections 23.1241 and 23.1242.

Valerus further moved for summary judgment that taxes on the compressors at issue "were properly declared and paid in Harris County, not in Loving County." On the record before us, however, we cannot say that Valerus was entitled to judgment that taxes were properly paid in Harris County. In *EXLP Leasing*, we held that "sections 23.1241 and 23.1242, read together, reflect the legislature's intent to fix the situs of dealer-held heavy equipment at the location where the dealer maintains its inventory rather than at the various locations where the equipment might otherwise by physically located." 554 S.W.3d at 583. We went on to hold that the compressors at issue, which were physically located in Galveston County, were properly taxable in Washington County because they were part of EXLP's "Gulf Coast Region fleet" and, as such, were "assigned" to EXLP's "business location and storage yard in Washington County," which EXLP used to "manage the inventory of compressors in the Gulf Coast region." *Id.* at 585–86.

In this case, however, Valerus paid taxes in Harris County, where Valerus says it maintains its principal place of business. Our holding in *EXLP Leasing*, however, clarifies that taxable situs is tethered to "the location where the dealer maintains its inventory." *Id.* at 583. *See also id.* ("The process for prepayment of taxes indicates legislative intent to fix the tax situs for heavy equipment at the business location where the dealer maintains its inventory . . . ."). Valerus does not argue that the compressors at issue in this case are part of an inventory maintained in Harris County, though that may be so. But if it is, that fact is not established simply because Harris County is Valerus's principal place of business.

For these reasons, and without hearing oral argument, *see* TEX. R. APP. P. 59.1, we affirm the court of appeals' judgment in part and reverse in part, rendering judgment that sections 23.1241 and 23.1242 control the taxable situs of the compressors at issue in this case. However, because summary judgment could not have been granted on Valerus's argument that it properly paid taxes in Harris County, we remand to the trial court for further proceedings on where taxes for the compressors at issue are due under Tax Code sections 23.1241 and 23.1242.

OPINION DELIVERED: November 16, 2018