

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00082-CV

———————————————

J-W POWER COMPANY, Appellant

V.

JACK COUNTY APPRAISAL DISTRICT, Appellee

On Appeal from the 271st District Court
Jack County, Texas
Trial Court No. 19-07-077

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

Appellant J-W Power Company owns compressors that it leases to customers for use in oil and gas production, and it has a storage yard in Palo Pinto County for maintaining its compressor inventory. The Texas Tax Code provides a specific method for appraisal districts to value dealer's heavy equipment inventory (DHEI), and under that statutory scheme, compressors that J-W Power maintains at its Palo Pinto County yard should be taxed by that county's appraisal district, even if the compressors are physically located in a different county during the tax year.[1] *See* Tex. Tax Code Ann. §§ 23.1241–.1242; *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572, 583 (Tex. 2018) (holding that sections 23.1241 and 23.1242 fix the taxable situs of DHEI at the location where the dealer maintains its inventory). Nevertheless, for multiple years, JCAD taxed the compressors owned by J-W Power that were physically located within JCAD's jurisdiction. Although J-W Power filed protests with the JCAD appraisal review board (ARB), those protests were denied.

After the Texas Supreme Court upheld the constitutionality of the DHEI taxation statutes, J-W Power moved to correct JCAD's appraisal rolls for previous tax years. When the JCAD ARB denied relief, J-W Power sued. After the trial court

---

[1]Appellee Jack County Appraisal District (JCAD) does not dispute J-W Power's categorization of its compressors as DHEI or its representation that the compressors are maintained at its yard in Palo Pinto County. Accordingly, for purposes of this opinion, we accept those assertions as accurate.

granted JCAD's summary judgment motion and denied J-W Power's, J-W Power brought this appeal.

J-W Power argues in four issues that (1) JCAD could not appraise J-W Power's individual compressors that were physically located in Jack County in the same tax years that J-W Power maintained its inventory in Palo Pinto County; (2) it was entitled to relief because its DHEI did not exist in Jack County in the form or at the location noted on JCAD's appraisal rolls during the 2013–2016 tax years and was improperly subjected to double taxation; (3) J-W Power's motion to correct JCAD's appraisal rolls was not barred by res judicata or by J-W Power's failure to exhaust administrative remedies; and (4) JCAD possesses no power to devise its own DHEI filing standards and apply them on behalf of Palo Pinto County. Because we conclude that JCAD established the applicability of res judicata, we affirm.

## II. Factual and Procedural Background

### A. In 2012, the Texas Legislature changed the valuation method for dealer heavy equipment inventory.

Tax Code Sections 23.1241 and 23.1242 provide a formula for valuing the heavy equipment that a dealer holds in its inventory for sale. Tex. Tax Code Ann. §§ 23.1241(b), .1242. Prior to 2012, that formula did not apply to leased DHEI, and thus if a dealer owned DHEI for lease that was physically located within a county, that county taxed that DHEI as business personal property based on the equipment's full market value. *EXLP Leasing*, 554 S.W.3d at 574. But in 2011, effective January

3

2012, the legislature overrode that practice by adding leased heavy equipment to the Tax Code's DHEI formula. *Id.*; Act of May 21, 2011, 82d Leg., R.S., ch. 322, 2011 Tex. Gen. Laws 938, 938–40. "Accordingly, state law now requires appraisal based on the lease revenue the compressors generated during the previous tax year divided by twelve." *EXLP Leasing*, 554 S.W.3d at 574 (citing Tex. Tax Code Ann. § 23.1241(b)). A DHEI dealer is required to file annual declarations stating the market value of the dealer's inventory for the current tax year and to make monthly prepayments of its anticipated tax liability. *See* Tex. Tax Code Ann. § 23.1242(b). As for which county may tax the leased inventory, regardless of the inventory's physical location, its taxable situs is the location at which the dealer maintains its inventory. *See EXLP Leasing*, 554 S.W.3d at 583.

After the legislature adopted the 2012 revisions to Sections 23.1241 and 23.1242, some appraisal districts considered those sections to be unconstitutional, and those appraisal districts continued to tax dealers for the leased equipment that was physically located within their districts. JCAD was one of those appraisal districts.

**B. For tax years 2013, 2014, 2015, and 2016, J-W Power filed protests under Tax Code Section 41.41.**

Tax Code Section 41.41 gives a property owner the option to bring a protest before an ARB regarding, among other acts, the "inclusion of the owner's property on the appraisal records." *See* Tex. Tax Code Ann. § 41.41(a)(3). A protest on that basis

4

may be based on the ground that the owner's property does not have a taxable situs in that taxing district. *See id.* § 41.42.

In May 2013, J-W Power filed a "Notice of Protest" with the JCAD ARB. As the reasons for its protest, J-W Power checked boxes on the notice-of-protest form stating, "Property should not be taxed in this appraisal district or in one or more taxing units" and "Other." Next to "Other," J-W Power wrote that the property should be assessed as DHEI under Sections 23.1241 and 23.1242. Under a section for "facts that may help resolve your case," it wrote that "[t]hese leased compressors are part of a heavy equipment inventory" that qualified to be valued under Sections 23.1241 and 23.1242 and that "[a]ssessing them separately creates a double assessment." In other words, J-W Power protested that under the DHEI tax statutes, the taxable situs of its leased compressors was not in Jack County and that JCAD thus should not be taxing its DHEI. J-W Power filed a similar protest in 2014, 2015, and 2016. In each case, the JCAD ARB determined that the appraisal records were correct and should not be changed. J-W Power did not appeal those determinations. *See id.* § 42.01 (giving property owner right to appeal an appraisal review board's protest determination).

## C. The Texas Supreme Court upheld the DHEI valuation scheme's constitutionality, and J-W Power moved to have the JCAD ARB correct its appraisal rolls.

While J-W Power ended its protests with the unfavorable ARB determinations, other DHEI dealers pursued judicial relief. *See EXLP Leasing*, 554 S.W.3d at 574; *see*

5

*also Reeves Cnty. Appraisal Dist. v. MidCon Compression, L.L.C.*, 563 S.W.3d 207, 208 (Tex. 2018). In March 2018, the Texas Supreme Court upheld the constitutionality of Sections 23.1241 and 23.1242. *EXLP Leasing*, 554 S.W.3d at 574.

In December 2018, J-W Power filed a "Property Owner's Motion for Correction of Appraisal Roll" under Tax Code Section 25.25(c) (Section 25.25 motion), complaining of JCAD's appraisals of its DHEI in 2013–2016. Tex. Tax Code Ann. § 25.25(c). Section 25.25(c) allows an ARB to order changes in its appraisal roll for up to five previous years, but only to correct specified errors unrelated to the appraisal district's valuation of the property. *See id.* J-W Power moved to correct on the basis of "multiple appraisals of a property in that tax year" and "the inclusion of property that does not exist in the form or at the location described in the appraisal roll." *See id.* § 25.25(c)(2), (3). The JCAD ARB denied relief.

## D.  J-W Power sued JCAD, and the trial court granted summary judgment for JCAD on unspecified grounds.

After the JCAD ARB denied its motion, J-W Power filed this suit. It alleged that for the 2013–2016 tax years, J-W Power had self-reported its heavy equipment inventory in Palo Pinto County as DHEI and had made tax payments to that county's appraisal district. It further alleged that, for those same tax years, its DHEI had been listed on JCAD's appraisal rolls as business personal property. It pleaded that JCAD had willfully, intentionally, and arbitrarily assessed a tax on the property in those years

6

in violation of Sections 23.1241 and 23.1242, and it asked for a refund for the relevant tax years and for attorney's fees. *See id.* § 42.43.[2]

J-W Power then filed a motion for partial summary judgment. It asserted that its summary judgment evidence established that it is in the business of leasing field compressors for use in oil and gas production; that although some of its compressors were physically located in Jack County on January 1 of each tax year, it maintains its inventory of compressors in Palo Pinto County; and that it had tendered payments for each relevant tax year to Palo Pinto County's taxing authority.[3] It further asserted that Palo Pinto had been unlawfully taxing its compressors as business personal property

---

[2]J-W Power also sued (thus far unsuccessfully) other taxing authorities on similar claims. *See J-W Power Co. v. Irion Cnty. Appraisal Dist.*, No. 03-21-00005-CV, 2022 WL 2836812, at *5 (Tex. App.—Austin July 21, 2022, pet. filed) (mem. op.); *J-W Power Co. v. Sterling Cnty. Appraisal Dist.*, No. 03-21-00069-CV, 2022 WL 2836807, at *5 (Tex. App.—Austin July 21, 2022, pet. filed) (mem. op.); *J-W Power Co. v. Duval Cnty. Appraisal Dist.*, No. 04-21-00172-CV, 2022 WL 789345, at *1 (Tex. App.—San Antonio Mar. 16, 2022, no pet.) (mem. op.). Mandate has issued in the appeal against Duval County Appraisal District. J-W Power currently has another appeal pending in this court in a suit against Wise County and an appeal pending in the San Antonio Court of Appeals in a suit against Frio County Appraisal District. *J-W Power Co. v. Wise Cnty. Appraisal Dist.*, No. 02-22-00227-CV (Tex. App.—Fort Worth filed June 14, 2022); *J-W Power Co. v. Frio Cnty. Appraisal Dist.*, No. 04-21-00564-CV (Tex. App.—San Antonio filed Dec. 20, 2021). J-W Power has also filed a notice of appeal with the Tyler Court of Appeals in a suit against Henderson County Appraisal District. *J-W Power Co. v. Henderson Cnty. Appraisal Dist.*, No. 12-22-00325-CV (Tex. App.—Tyler filed Dec. 28, 2022).

[3]As part of its evidence, J-W Power attached a February 2019 agreed judgment from a different lawsuit it had filed against JCAD. In that judgment, JCAD had agreed that for certain property owned by J-W Power in tax year 2017, the taxable situs was in Palo Pinto County, and JCAD agreed to correct its 2017 appraisal rolls.

but had corrected the assessment under a 2019 agreed final judgment and that J-W Power had paid the corrected amount of taxes due.

JCAD also filed a motion for summary judgment. The motion asserted that Section 25.25 was not the appropriate vehicle to challenge taxable situs; that because J-W Power had not appealed the denial of its previous 2013–2016 protests under Section 41.41, it had failed to exhaust its judicial remedies; that its Section 25.25 motion constituted an impermissible attempt to reopen the ARB's 2013–2016 orders in violation of res judicata; and that J-W Power's DHEI Declarations to Palo Pinto County proved as a matter of law that the property was not the subject of multiple appraisals.

Both sides filed objections to the other side's evidence, but the trial court did not rule on the objections. The trial court signed an order that granted JCAD's motion and denied J-W Power's motion without stating the grounds for its ruling. J-W Power then filed this appeal.

### III. Analysis

Because it is dispositive, we begin and end with J-W Power's third issue in which it asserts that its Section 25.25 motion was not barred by res judicata arising from the ARB's denials of its Section 41.41 protests or from J-W Power's failure to exhaust administrative remedies under Section 41.41.

Because JCAD moved for summary judgment on res judicata, it had the burden to prove that affirmative defense as a matter of law.[4] *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). To establish the defense's applicability, JCAD had to prove three elements: "(1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When those elements are satisfied, "[t]he judgment in the first suit precludes a second action by the parties and their privies on matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit." *Id.* (quoting *Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984)); *see Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) (stating that "[a] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit").

J-W Power disputes only the third element, arguing that res judicata does not apply because the claims that it brought in its Section 25.25 motion were not ripe when it lodged its Section 41.41 protests for tax years 2013–2016. J-W Power's brief

---

[4]We apply the well-established standard and scope of review for traditional summary judgments. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

contains little elaboration on this argument. The entirety of J-W Power's ripeness

argument is as follows:

> But in contrast to the claims it lodged in its 2013–16 protests under section 41.41, the claims J-W Power brought in its Motion to Correct under sections 25.25(c)(2)–(c)(3) only became ripe *after* Jack CAD's appraisal rolls were certified. *See* [Tex. Tax Code Ann.] § 25.25(c) (providing for changes to the certified appraisal roll). Thus, as a pure matter of law, the claims J-W Power brought in its section 25.25(c) Motion to Correct could not have been raised in the earlier section 41.41 protests. [*Eagle Oil & Gas Co. v.*] *TRO-X,* [*L.P.*], [619 S.W.3d 699, 706 (Tex. 2021)]. Accordingly, res judicata could not bar J-W Power's subsequent Motion to Correct brought under [S]ections 25.25(c)(2)–(c)(3).

Ripeness "requires a plaintiff to have a concrete injury before bringing a claim."

*Eagle Oil*, 619 S.W.3d at 706. "Under the ripeness doctrine, we consider whether, at

the time a lawsuit is filed, the facts are sufficiently developed so that an injury has

occurred or is likely to occur, rather than being contingent or remote." *Id.* (quoting

*Waco I.S.D. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000)).

J-W Power's Section 25.25 motion was ostensibly brought to correct "multiple

appraisals of a property in that tax year" and the inclusion of property that "did not

exist in the form or at the location described" in JCAD's 2013–2016 appraisal rolls.[5]

---

[5]JCAD argues that J-W Power's complaint about taxable situs could not be framed as a complaint about "form and location" under Section 25.25(c) because "form" refers to a complaint about the classification of property as real or personal property and "location" means a complaint that the property is not physically located within the taxing district for the relevant tax years. *See Titanium Metals Corp. v. Dallas Cnty. Appraisal Dist.*, 3 S.W.3d 63, 66 (Tex. App.—Dallas 1999, no pet.). If J-W Power had been making a complaint about "form or location" as interpreted by JCAD, J-W Power fails to explain how that complaint could not have been raised in the prior

The substance of the motion was that the property did not have taxable situs in Jack County, and that complaint is one that that it could make—and did make—in its previous Section 41.41 protests. *See* Tex. Tax Code Ann. §§ 41.41, 41.42 (allowing a property owner to protest the determination of its property's appraised or market value and the inclusion of the owner's property on the appraisal records, a category that includes a complaint that the property does not have taxable situs in the district).

In *Sterling County*, the Austin Court of Appeals similarly concluded that "[t]he basic nature of the claims" brought by J-W Power in the Section 41.41 protests it had filed with the Sterling County Appraisal District was same as the claim made in its subsequent motion to correct under Section 25.25(c). *Sterling Cnty.*, 2022 WL 2836807, at *4. J-W Power had raised several arguments to challenge that conclusion, including an argument that the claims were different because they were brought under different Tax Code statutes, an argument that the court found to be "foreclosed by the res judicata principles set forth by the Supreme Court of Texas":

> J-W Power argued first in its summary-judgment response that its claims in this suit differ from those in its Section 41.41 protests because the present claims were brought under Section 25.25(c), a different statute. But the basic nature of the claims did not change, *see Rosetta Res. Operating*[*, LP v. Martin*], 645 S.W.3d [212,] 226 [(Tex. 2022)] (assessing the "basic nature of the [plaintiff]s' claim"), even if they were brought under a new statutory theory, *see Getty Oil*[ *Co. v. Ins. Co. of N. Am.*],

protests. Section 41.41 allows a property owner to protest, in addition to the actions specifically listed in the statute, "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner." *See* Tex. Tax Code Ann. § 41.41(a)(9).

845 S.W.2d [794,] 799 n.5 [(Tex. 1992)] (different liability theory precluded by res judicata when deprivation of "the right [the plaintiff] seeks to redress is the same" across both proceedings (quoting *Ocean Drilling & Expl.*[ *Co. v. Mont Boat Rental Servs., Inc.*], 799 F.2d [213,] 217 [(5th Cir. 1986)]).

*Id.*

Likewise, in this case, the basic nature of J-W Power's claims did not change between its Section 41.41 protests and its Section 25.25 motion. When J-W Power asserted its Section 41.41 protests, the facts forming the basis of its complaint were fully developed, and in each protest it challenged an action by JCAD that was neither remote nor contingent—JCAD's inclusion on its appraisal records as business personal property the compressors that were physically located in Jack County but maintained and taxable elsewhere as DHEI. J-W Power's Section 25.25 motion raised the same complaint for the same tax years. The ripeness doctrine therefore does not prevent the application of res judicata. *See Sterling Cnty.*, 2022 WL 2836807, at *4.

Because JCAD's evidence established that the substance of J-W Power's complaint in its Section 41.41 protests was the same as the complaint in its Section 25.25 motion, JCAD established its res judicata affirmative defense. *See Travelers Ins.*, 315 S.W.3d at 862; *Sterling Cnty.*, 2022 WL 2836807, at *4.

J-W Power also argues that even if the claim in its Section 25.25 motion was ripe at the time of its prior protests, "the ARB issued a determination on the subsequent [S]ection 25.25(c) claims, implicitly determining that the ARB had jurisdiction and was not precluded by the [S]ection 41.41 protest[s]." But the ARB's

12

orders on the motion do not state the reasons for the denials, and we thus cannot determine whether the ARB denied them on the basis that they were precluded by the prior protests. *See Sterling Cnty.*, 2022 WL 2836807, at *5.

J-W Power further asserts that it was not barred from bringing its Section 25.25 motion because Section 25.25(l) authorized J-W Power to bring the motion regardless of its prior Section 41.41 protests. Section 25.25 provides multiple bases for a property owner to have an appraisal record changed. Tex. Tax Code Ann. § 25.25. Subsection (d) relates to errors that resulted in an incorrect appraisal value, and Subsection (c) addresses actions unrelated to valuation. *Id.* § 25.25(c), (d). Subsection (l) provides that a motion to correct under Subsection (c) may be filed "regardless of whether, for a tax year to which the motion relates, the owner of the property protested under Chapter 41 an action relating to the value of the property that is the subject of the motion." *Id.* § 25.25(l). That is, if a property owner protests valuation under Chapter 41, that owner may still file a subsequent motion under Section 25.25(c) to correct an error unrelated to valuation

But J-W Power's Section 41.41 protests did not concern the compressors' valuation—"that is, they did not challenge the mathematical formula that the [Jack] County authorities used to compute the compressors' market value for tax purposes." *See Sterling Cnty.*, 2022 WL 2836807, at *4. Instead, its Section 41.41 protests—like its Section 25.25 motion—asserted that the compressors should not have been taxed in Jack County at all and instead should have been assessed under Sections 23.1241 and

13

23.1242 by an entirely different appraisal district. *Cf. id.* Subsection (l) provides an exception based on a precondition that J-W Power does not satisfy.

J-W Power contends that under our interpretation of the relevant Tax Code sections, "taxpayers like J-W Power would *never* be able to correct appraisal rolls when, as here, the Texas Supreme Court mandates adherence to a law previously ignored by the appraisal districts." But the issue here is not whether Texas law offers taxpayers like J-W Power a way to correct an appraisal roll. It unquestionably does, as demonstrated in *EXLP Leasing. See* Tex. Tax Code Ann. §§ 25.25, 41.21, 41.41; *EXLP Leasing*, 554 S.W.3d at 575 (noting that EXLP Leasing had sought judicial review of the appraisal district's action as provided in the Tax Code). Instead, the issue here is whether J-W Power can avoid the preclusive effect of a prior determination of a claim's merits. J-W Power did not pursue judicial relief from the JCAD ARB's determinations of its protests, and thus the final determinations on the merits of those protests were those of the JCAD ARB. Those protests addressed the same matter that J-W Power raised in its Section 25.25 motion and in this suit. JCAD established the elements of res judicata in its summary judgment motion, and on appeal J-W Power has not negated the applicability of that affirmative defense. We overrule J-W Power's third issue.

Because we uphold the trial court's summary judgment on the basis of res judicata, we do not reach J-W Power's remaining three issues. *See* Tex. R. App. P. 47.1.

14

## IV. Conclusion

Having overruled J-W Power's dispositive third issue, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: January 26, 2023