# NO. 12-22-00325-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *J-W POWER COMPANY,*<br>*APPELLANT* | § | *APPEAL FROM THE 392ND* |
| | § | *DISTRICT COURT* |
| *V.* | | |
| | § | *HENDERSON COUNTY, TEXAS* |
| *HENDERSON COUNTY APPRAISAL*<br>*DISTRICT,*<br>*APPELLEE* | | |

## *MEMORANDUM OPINION*

J-W Power Company (JWP) appeals the trial court's summary judgment rendered in favor of Appellee Henderson County Appraisal District (HCAD), as well as the trial court's denial of its competing motion for summary judgment. JWP raises four issues on appeal. We affirm.

## BACKGROUND

JWP owns natural-gas compressors, which it leases to customers for use in oil-and-gas fields. Its customers use the compressors in counties throughout Texas, but when one of its compressors is not under lease, JWP keeps the compressor at one of several storage yards, including one it maintains in Gregg County, Texas. During the tax years 2013 through 2016, JWP leased compressors to customers who used them in Henderson County.

Effective January 1, 2012, the Texas Legislature amended Texas Tax Code, Sections 23.1241 and 23.1242, which provide that items leased from a "dealer's heavy equipment inventory" may be appraised for taxation only in the county in which the inventory is based and

maintained.[1]  Even after these changes were passed by the legislature and approved by the governor, Henderson County authorities appraised for ad valorem tax purposes JWP's compressors located in Henderson County.  With regard to tax years 2013, 2014, 2015, and 2016, JWP protested the appraisals Pursuant to Texas Tax Code, Section 41.41.[2]  Each year, HCAD denied JWP's Section 41.41 protest, and JWP did not appeal any of the denials of its Section 41.41 protests.[3]

In early 2018, after the Texas Supreme Court issued its opinion in *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572 (Tex. 2018), JWP filed with the Henderson County Appraisal Review Board (ARB or the Board) a motion pursuant to Section 25.25(c)(2) and (3), by which it sought to correct HCAD's appraisal rolls for tax years 2013 through 2016.[4] In its motion, it argued that pursuant to the supreme court's analysis of Sections 23.1241 and 23.1242 in *EXLP Leasing*, the Henderson County authorities should not have appraised for taxation any of JWP's compressors located in Henderson County because such compressors each were part of a "dealer's heavy equipment inventory."  JWP further argued that by assessing the compressors separately as business personal property, HCAD "created a double assessment."  In its supporting affidavit, JWP's representative set forth that the inventory was "maintained" at a yard outside of Henderson County, which was the proper situs for taxation of dealer-held heavy equipment.

After a hearing, the Board denied JWP's Section 25.25(c) motion.  JWP sought judicial review of the denial of its motion in the underlying trial court proceedings against HCAD.

---

[1] *See* TEX. TAX CODE ANN. §§ 23.1241–.1242 (West 2021); *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572, 581–86 (Tex. 2018) (upholding the constitutionality and explaining the proper application of Texas Tax Code, Sections 23.1241 and 23.1242).

[2] Texas Tax Code, Section 41.41 provides a property owner the option to bring a protest before an Appraisal Review Board regarding, among other acts, the property's value or its inclusion on the appraisal records. *See* TEX. TAX CODE ANN. § 41.41(a) (West Supp. 2022) (authorizing a property owner to protest a property's appraised value, inclusion in the appraisal records, or "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner").  A protest on that basis may be based on the ground that the owner's property does not have a taxable situs in that taxing district.  *See id.* § 41.42 (West 2015).

[3] *See id.* § 42.01(a) (West Supp. 2022).

[4] Section 25.25(c) provides, in pertinent part, that the appraisal review board, on the motion of a property owner, may direct by written order, changes in the appraisal roll for any of the five preceding years to correct multiple appraisals of a property in a tax year or the inclusion of property that does not exist in the form or at the location described in the appraisal roll.  *See id.* §§ 25.25(c)(2), (3) (West Supp. 2022).

2

HCAD answered and moved for a summary judgment on all JWP's claims. JWP responded and filed a competing motion for partial summary judgment. Ultimately, the trial court granted HCAD's motion, denied JWP's motion, and rendered a final, take-nothing judgment in HCAD's favor, specifying that "all relief to the Plaintiff" [is] "being denied." This appeal followed.

## RES JUDICATA

In its third issue, JWP argues that the trial court erred in granting summary judgment on HCAD's affirmative defense of res judicata.

### Standard of Review

We review a trial court's summary judgment de novo. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). A trial court may render summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues [presented]." TEX. R. CIV. P. 166a(c); *accord Lightning Oil*, 520 S.W.3d at 45; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). "A defendant may obtain summary judgment by conclusively establishing an affirmative defense." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021) (citing *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010)).

We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In such a situation, we render the judgment as the trial court should have rendered. *Id.*

### Governing Law

The doctrine of res judicata, or claim preclusion, bars causes of action that already have been adjudicated fully or that, with the use of diligence, could have been brought in the prior suit. *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (citing *Eagle*

***Oil & Gas***, 619 S.W.3d at 705).  "The doctrine is necessary to 'bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery.'"  ***Eagle Oil & Gas***, 619 S.W.3d at 705 (quoting ***Citizens Ins. Co. of Am. v. Daccach***, 217 S.W.3d 430, 449 (Tex. 2007)).  Res judicata requires proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.  ***Rosetta Res. Operating***, 645 S.W.3d at 225 (citing ***Amstadt v. U.S. Brass Corp.***, 919 S.W.2d 644, 652 (Tex. 1996)).

<u>Discussion</u>

In the instant case, HCAD argues that res judicata barred JWP's Section 25.25(c) motion because JWP already raised the same claims in its Section 41.41 protests for the years 2013 through 2016, which protests were denied by the ARB and of which JWP declined to seek judicial review.  JWP correctly acknowledges that an administrative body's final decisions, like a court's final decision, can have a preclusive effect under res judicata.  *See **J-W Power Co. v. Sterling Cty. Appraisal Dist.***, No. 03-21-00069-CV, 2022 WL 2836807, at \*3 (Tex. App.–Austin July 21, 2022, pet. filed) (mem. op.) (citing ***Tricon Tool & Supply, Inc. v. Thumann***, 226 S.W.3d 494, 511 (Tex. App.–Houston [1st Dist.] 2006, pet. denied) ("The doctrine of res judicata also applies to the relitigation of claims previously determined by an administrative agency")); *see also **Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.***, 555 S.W.3d 29, 50 (Tex. 2018) (referring to county appraisal review board as type of administrative agency).  Specifically, JWP concedes this point on appeal in its reply brief, in which it states, "J-W Power does not dispute that res judicata can apply to [Appraisal Review Board] orders[.]"  There also is no dispute that the parties were the same in both matters.

Instead, JWP argues that res judicata did not bar its Section 25.25(c) motion because its Section 41.41 protests did not address the same claims on which it based its Section 25.25(c) motion.  When deciding whether a later proceeding is based on the "same claims" resolved by an earlier final adjudication, we compare the "basic nature" of the claims presented in the two proceedings.  *See **Rosetta Res. Operating***, 645 S.W.3d at 226; *see also **Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.***, 837 S.W.2d 627, 630 (Tex. 1992) (requiring "analysis of the factual matters that make up the gist of the complaint, without regard to the form of action").  For example, the Texas Supreme Court concluded that res judicata precluded all of a plaintiff's

claims that related to the "same transaction," even if some of the claims merely were contingent at the time of the first proceeding. *See Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799 (Tex. 1992). In the same opinion, the court cited with approval a Fifth Circuit decision in which that court decided that a liability theory different from the one a plaintiff brought in an earlier proceeding still was precluded by res judicata because the deprivation of "the right [the plaintiff] seeks to redress is the same" across both proceedings. *Id.* at 799 n.5 (quoting *Ocean Drilling & Expl. Co. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 217 (5th Cir. 1986)).

Also relevant to the case at hand, under res judicata, a Texas Workforce Commission (TWC) final order under the "Payday Law" precluded the same claimant's later suit, which raised common-law claims for unpaid wages. *See Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 87–88, 93 (Tex. 2008), *superseded by statute on other grounds as recognized in Engelman Irrigation Dist. v. Shields Bros.*, 514 S.W.3d 746, 750 n.28 (Tex. 2017). The court reasoned, "The fact that the Payday Law provides an alternative remedial scheme to the common law does not prevent res judicata from applying to TWC orders. Both courts and administrative agencies may provide remedies for injuries actionable under the common law." *See id.* at 87. Thus, it concluded, "[t]he Payday Act is not an employee's sole and exclusive remedy for a claim based on past wages but is rather an alternative remedy that is cumulative of the common law," meaning that the TWC "offers an alternate means to the same remedy." *Id.* at 88.

In the instant case, on each of its Section 41.41 protest forms for the years in question, JWP claimed that "[a]ll compressors owned by J-W Power Company in Henderson County . . . are part of a heavy equipment inventory and therefore qualify to be valued under Section 23.1241 and 23.1242 of the Texas Property Tax Code" and "[a]ssessing them separately creates a double assessment." In its 25.25(c) motion, JWP contended as follows: "All compressors in this county . . . were dealer's heavy equipment inventory. Accordingly, the compressors should be valued and taxed under section[s] 23.1241 and 23.1242 of the Texas Tax Code. The appraisal district assessed these compressors separately as business personal property, which created a double assessment." We conclude that the basic nature of the claims brought in JWP's Section 41.41 protests and in its Section 25.25(c) motion is the same; indeed, the claims are stated nearly verbatim. Several of our sister courts reached similar conclusions. *See, e.g.*, *Sterling Cty. Appraisal Dist.*, 2022 WL 2836807, at *4; *see also, e.g.*, *J-W Power Co. v. Frio Cty. Appraisal Dist.*, No. 04-21-00564-CV, 2023 WL 3081772, at *5 (Tex. App.–San Antonio Apr. 26, 2023, no

5

pet.) (op.); ***J-W Power Co. v. Wise Cty. Appraisal Dist.***, No. 02-22-00227-CV, 2023 WL 2325507, at *3 (Tex. App.–Fort Worth Mar. 2, 2023, pet. filed) (mem. op.); ***J-W Power Co. v. Jack Cty. Appraisal Dist.***, No. 02-22-00082-CV, 2023 WL 415517, at *5 (Tex. App.–Fort Worth Jan. 26, 2023, pet. filed) (mem. op.); ***J-W Power Co. v. Irion Cty. Appraisal Dist.***, No. 03-21-00005-CV, 2022 WL 2836812, at *4 (Tex. App.–Austin July 21, 2022, pet. filed) (mem. op.). Nonetheless, JWP raises several legal arguments in support of its contention that res judicata should not be applied.

### *Different Statutory Theory and Different Remedies*

JWP first argues that its claims in the underlying cause differ from those brought in its Section 41.41 protests because the present claims stem from its Section 25.25(c) motion. But the basic nature of the claims did not change, even if they were brought under a new statutory theory. *See **Sterling Cty. Appraisal Dist.***, 2022 WL 2836807, at *4; *see also **Rosetta Res. Operating***, 645 S.W.3d at 226 (assessing the "basic nature" of plaintiff's claim, even if brought under new statutory theory); ***Getty Oil Co.***, 845 S.W.2d at 799 n.5 (different liability theory precluded by res judicata when deprivation of right plaintiff seeks to redress is same across both proceedings).

JWP next argues that res judicata does not bar its claims because the Section 25.25(c) motion provides different remedies than those available by way of a Section 41.41 protest, which necessarily makes the respective claims under the two statutes different. Yet differing remedies for violations of the same rights still are precluded by res judicata when the basic nature of the underlying claims remains the same. *See **Sterling Cty. Appraisal Dist.***, 2022 WL 2836807, at *4 (citing ***Igal***, 250 S.W.3d at 87–88; ***Getty Oil***, 845 S.W.2d at 700 n.5).

### *Section 25.25(l)*

JWP further asserts that it was not barred from bringing its Section 25.25(c) motion because Section 25.25(*l*) authorized it to bring the motion regardless of its prior Section 41.41 protests. Section 25.25 provides multiple bases for a property owner to have an appraisal record changed. *See* TEX. TAX CODE ANN. § 25.25 (West Supp. 2022). Section 25.25(d) relates to errors that resulted in an incorrect appraisal value, while Section 25.25(c) addresses actions unrelated to valuation. *Compare* **id.** § 25.25(c) *with* **id.** § 25.25(d). Section 25.25(*l*) provides that a motion to correct under Section 25.25(c) may be filed "regardless of whether, for a tax year to which the motion relates, the owner of the property protested under Chapter 41 an action relating

6

to the value of the property that is the subject of the motion." **Id.** § 25.25(*l*). That is, if a property owner protests valuation under Chapter 41, that owner may still file a subsequent motion under Section 25.25(c) to correct an error unrelated to valuation. *See Jack Cty. Appraisal Dist.*, 2023 WL 415517, at *5.

But just as in the cases decided by our sister courts, JWP's Section 25.25(c) motion made in reliance on the supreme court's holding in **EXLP Leasing** did not concern the compressors' value—that is, it did not challenge the mathematical formula that the Henderson County authorities used to compute the compressors' market value for tax purposes. *See Sterling Cty. Appraisal Dist.*, 2022 WL 2836807, at *4; *see also Jack Cty. Appraisal Dist.*, 2023 WL 415517, at *6. Instead, JWP asserted that the compressors were not a taxable form of property located in Henderson County *at all*—an issue separate from the appraisal-formula question—because, according to JWP, the compressors constituted "dealer's heavy equipment inventory" which was maintained in another county. *See Sterling Cty. Appraisal Dist.*, 2022 WL 2836807, at *4 (citing **MidCon Compression, L.L.C. v. Reeves Cty. Appraisal Dist.**, 478 S.W.3d 804, 819 (Tex. App.–El Paso 2015), *aff'd in part and rev'd in part on other grounds*, 563 S.W.3d 207 (Tex. 2018) ("Although MidCon contends that the dispute in this case concerns the correct appraisal value of the sixty-four compressor packages, the dispute is not so much about whether the appraised value is excessive as it is about whether Reeves and Loving Counties can tax the compressor packages as business personal property at all"); **Tex-Air Helicopters, Inc. v. Harris Cty. Appraisal Dist.**, 15 S.W.3d 173, 176 (Tex. App.–Texarkana 2000, pet. denied) ("[T]he Legislature's clear intent was that protests of valuation of property for tax purposes in excess of 'appraised or market value' or unequal valuation in comparison with other properties, are separate and distinct from protests based on whether property is taxable at all")); *see also Jack Cty. Appraisal Dist.*, 2023 WL 415517, at *6.

*Ripeness*

JWP next argues that res judicata cannot bar its Section 25.25(c) motion because that claim was not ripe at the time its Section 41.41 protests were filed because its Section 41.41 protests and its Section 25.25(c) motion involve separate injuries. *Cf. **Eagle Oil & Gas**, 619 S.W.3d at 706. Ripeness "requires a plaintiff to have a concrete injury before bringing a claim." *Id.* Yet JWP had such an alleged injury when it filed its Section 41.41 protests—the very injury it complained of in the text of the protest form, which matches the description of the injury it

complained of in its Section 25.25(c) motion. *See, e.g.*, ***Sterling Cty. Appraisal Dist.***, 2022 WL 2836807, at *5. However, the issue of a claim's ripeness also requires courts to "consider whether, at the time a lawsuit is filed, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote." ***Id.*** (quoting ***Waco Indep. Sch. Dist. v. Gibson***, 22 S.W.3d 849, 851–52 (Tex. 2000)). Here, the facts sufficiently were developed when JWP filed its Section 41.41 protests, and at all times thereafter, since the Henderson County authorities already had appraised the compressors JWP contended were improperly appraised in violation of Sections 23.1241 and 23.1242. *See, e.g.*, ***Sterling Cty. Appraisal Dist.***, 2022 WL 2836807, at *5.

JWP further contends that its Section 25.25(c) claims only became ripe after the appraisal rolls were certified because motions under Section 25.25(c) allow only for correction of already-certified rolls. But, as noted above, res judicata analysis focuses on the "basic nature" of the claims involved and not necessarily the vehicles or theories by which the claims are pressed. *See* ***Rosetta Res. Operating***, 645 S.W.3d at 226; ***Igal***, 250 S.W.3d at 87–88; ***Getty Oil***, 845 S.W.2d at 799 n.5. JWP's Section 25.25(c) motion ostensibly was brought to correct "multiple appraisals of a property in that tax year" and the inclusion of property that "did not exist in the form or at the location" described in HCAD's 2013 through 2016 appraisal rolls. But the substance of the motion was that the property did not have taxable situs in Henderson County, and that complaint is the one that it could make and, in fact, did make, in its previous Section 41.41 protests.

### *ARB's Determination of Applicability of Res Judicata*

Lastly, JWP argues that because the ARB did not dismiss its Section 25.25(c) motion out of hand but, instead, decided the Section 25.25(c) claims, it must have interpreted the relevant statutes to conclude that res judicata did not apply. But the ARB's order denying JWP's Section 25.25(c) motion is not, as JWP suggests, inconsistent with a conclusion that the results of the Section 41.41 protests precluded the Section 25.25(c) motion. Instead, the order states simply that the Board "uphold[s] values for all locations" without specifying the underlying reasoning for what amounted to a global denial of JWP's requested relief. Based on this statement in the order alone, we cannot determine the reasons why the ARB denied JWP's motion and, thus, conclude that JWP's argument is without merit. *See* ***Sterling Cty. Appraisal Dist.***, 2022 WL 2836807, at *5; *see also* ***Jack Cty. Appraisal Dist.***, 2023 WL 415517, at *5.

**Summation**

Based on our review of the summary judgment record, we conclude that it conclusively demonstrates the existence of a prior final determination on the merits by the Henderson County ARB, which involved the same parties as JWP's Section 25.25(c) motion, and JWP's Section 25.25(c) motion was based on the same claims as were raised in the first action. *Rosetta Res. Operating*, 645 S.W.3d at 225. We further conclude that JWP's arguments that res judicata should not apply are without merit. *See Sterling Cty. Appraisal Dist.*, 2022 WL 2836807, at \*5; *see also Jack Cty. Appraisal Dist.*, 2023 WL 415517, at \*5. Accordingly, we hold that the trial court did not err in granting HCAD's motion for summary judgment and denying JWP's motion for partial summary judgment based on HCAD's affirmative defense of res judicata. JWP's third issue is overruled.[5]

## DISPOSITION

Having overruled JWP's third issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 14, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[5] Because our resolution of JWP's third issue is dispositive of this appeal, we do not consider its first, second, and fourth issues. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 14, 2023**

**NO. 12-22-00325-CV**

**J-W POWER COMPANY,**
Appellant
V.
**HENDERSON COUNTY APPRAISAL DISTRICT,**
Appellee

---

Appeal from the 392nd District Court
of Henderson County, Texas (Tr.Ct.No. CV19-0517-392)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellant, **J-W POWER COMPANY**, and that this decision be certified to the court below for observance.

James T. Worthen., Chief Justice
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*